```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
THURMAN BROWN,

                Plaintiff,

        -against-                       MEMORANDUM AND ORDER
                                        08-CV-343(JS)(AKT)

NASSAU COUNTY DISTRICT ATTORNEY,

                Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiff:    Thurman Brown, pro se
                  98-A-2656
                  Oneida Correctional Facility
                  P.O. Box 4580
                  Rome, NY 13442

For Defendants:   No appearances
```

SEYBERT, District Judge:

By Order dated June 26, 2008 ("June 2008 Order"), this Court granted Plaintiff in forma pauperis status, dismissed his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and granted Plaintiff leave to file an Amended Complaint. Pending before the Court is Plaintiff's Amended Complaint. For the reasons stated below, Plaintiff's Amended Complaint is DISMISSED with prejudice.

## BACKGROUND

Plaintiff's Amended Complaint, which totals 111 pages with exhibits, contains the same claims against the same Defendants as those named in the original Complaint.[1]  While difficult to

---

[1] As described more fully in sections IV and V, Plaintiff is a frequent filer in the federal courts in this Circuit. He has filed more than twelve cases in this Court alone, and been warned about his filings in two specific cases, No. 08-CV-343(JS)(AKT);

follow, the Amended Complaint, brought pursuant to 42 U.S.C. §§ 1983 and 1985, appears to allege "false imprisonment" resulting from a conspiracy lodged against former and current Nassau County Attorneys. Plaintiff alleges a "conspiracy of silence and unlawful conduct with the clerks at the Nassau County First District Court," and that Margaret O'Shea-Schell, an independent contract court reporter with RD Glen and Associates, "fabricated a new session transcript record" and released it to the Nassau County District Attorney's Office to support Plaintiff's allegedly illegal trial. Am. Comp. ¶¶ 8, 11, 12. The Amended Complaint alleges that various other court reporters, court clerks, and the Nassau County District Attorney's Office all participated in Plaintiff's "illegal" trial.

Plaintiff seeks "$100.000 per day of false imprisonment since October 7, 1996 exoneration by statute CPL § 160.50."

<u>DISCUSSION</u>

I. <u>Application of the Prisoner Litigation Reform Act</u>

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

---

08-CV-26 (JS)(AKT). Plaintiff has had several cases dismissed including some alleging claims similar to those presented here: <u>Brown v. O'Shea-Schell</u>, No. 06-CV-2502 (JS)(AKT), <u>Brown v. Cohen, et al.</u>, No. 08-CV-26 (JS)(AKT), <u>Brown v. Legal Aid Society of New York</u>, No. 08-CV-198 (JS)(AKT), <u>Brown v. United States of America, et al.</u>, No. 00-CV-1782 (ARR)(MLO).

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A pro se plaintiff's submissions are held "'to less stringent standards than formal pleadings drafted by lawyers.'" Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)). Indeed, a court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). Nonetheless, a pro se plaintiff is not exempt from compliance with relevant rules of procedural and substantive law. See Traguth v. Zuck, 710 F.2d 90, 92 (2d Cir. 1983).

II. 42 U.S.C. § 1983

The Amended Complaint fails to allege that the Plaintiff's injuries were caused by a cognizable constitutional claim pursuant to 42 U.S.C. § 1983. To state a claim under Section 1983, "a plaintiff must allege that: (1) the challenged conduct was attributable at least in part to a person acting under color of state law; and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999) (citing Dwares v. New York, 985 F.2d 94, 98 (2d Cir. 1993) (overruled on other grounds)).

Plaintiff fails to allege facts indicating that the

3

Defendants deprived him of a constitutional right. Plaintiff's vague and conclusory claims are not supported by any concrete examples of potential misconduct and, as such, are insufficient to state a claim pursuant to Section 1983. See Ciambriello v. County of Nassau, 292 F.3d 307, 324-325 (2d Cir. 2002).

To the extent that Plaintiff alleges a conspiracy between state actors, i.e., the District Attorney, and private parties, Plaintiff fails to allege facts to support such a claim. "To state a claim against a private entity on a section 1983 conspiracy theory, the complaint must allege facts demonstrating that the private entity acted in concert with the state actor to commit an unconstitutional act." Spear v. Town of W. Hartford, 954 F.2d 63, 68 (2d Cir. 1992). In other words, a private actor acts under color of state law when the private actor "is a willful participant in joint activity with the State or its agents." Adickes v. S.H. Kress & Co., 398 U.S. 144, 152, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970) (quoting United States v. Price, 383 U.S. 787, 794, 86 S. Ct. 1152, 16 L. Ed. 2d 267 (1966)). Merely conclusory allegations that a private entity acted in concert with a state actor does not suffice to state a Section 1983 claim against the private entity. Spear, 954 F.2d at 68. For these reasons as well as those set forth in this Court's June 2008 opinion, Plaintiff's Section 1983 claim is dismissed in its entirety.

III. <u>Claims Under 42 U.S.C. § 1985</u>

Plaintiff also asserts conspiracy claims under 42 U.S.C. § 1985. "To state a conspiracy claim under 42 U.S.C. § 1985, plaintiff must allege (1) some racial or other class-based discriminatory animus underlying the defendants' actions, and (2) that the conspiracy was aimed at interfering with the plaintiff's protected rights." <u>Porter v. Selsky</u>, 287 F. Supp. 2d 180, 187 (W.D.N.Y. 2003) (citing <u>Bray v. Alexandria Women's Health Clinic</u>, 506 U.S. 263, 268 (1993); <u>Gagliardi v. Village of Pawling</u>, 18 F.3d 188, 194 (2d Cir. 1994)), <u>aff'd on other grounds</u>, 421 F.3d 141 (2d Cir. 2005).

Plaintiff has not alleged with any particularity the overt acts engaged in by Defendants. Rather, the Amended Complaint points to scattered allegations that Margaret O'Shea "fabricated a new session transcript record" and released it to the Nassau County District Attorney's Office to support Plaintiff's allegedly illegal trial. Yet nothing in Plaintiff's allegations show that the elements of a section 1985 claim, as quoted above, have been met. <u>See</u> <u>Odom v. Calero</u>, 2008 WL 2735868 (S.D.N.Y. July 10, 2008)(citing <u>Ostrer v. Aronwald</u>, 567 F.2d 551, 553 (2d Cir. 1977)("[C]omplaints containing only 'conclusory,' 'vague' or 'general allegations' of a conspiracy to deprive a person of constitutional rights will be dismissed")).

IV.  Leave To Amend

Generally, a district court should not dismiss a pro se complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Aquino v. Prudential Life and Casualty Ins. Co., 419 F. Supp. 2d 259, 278 (E.D.N.Y. 2005) (citing Thompson v. Carter, 284 F.3d 411, 419 (2d Cir. 2002). However, "[f]utility is a valid reason for denying a motion to amend . . . where it is beyond doubt that the plaintiff can prove no set of facts in support of his amended claims." Pangburn v. Culbertson, 200 F.3d 65, 70-71 (2d Cir. 1999) (internal quotation marks and citations omitted).

Once again the Court notes that Plaintiff has filed several Complaints against numerous individuals and entities involved in Plaintiff's former criminal proceeding. Several of Plaintiff's Complaints allege that the criminal proceedings were "illegal" and that the various named defendants somehow participated in and perpetuated the illegal trial. As stated in this Court's June 3, 2008 order in Brown v. Legal Aid Society Of Nassau County, No. 08-CV-00198, the Court has provided Plaintiff with ample opportunities to amend his prior Complaints to state legally-cognizable claims, and has made every effort to ensure that the courthouse doors remain open for the adjudication of Plaintiff's claims. However, the Court finds that an amendment is

not warranted in this case because Plaintiff has failed to allege any arguably meritorious claims. Accordingly, the Court DISMISSES Plaintiff's Amended Complaint with prejudice.

V. Warning of Injunction

Plaintiff has filed at least seven Section 1983 Complaints in this Court, against numerous individuals and entities involved in Plaintiff's former criminal proceeding.[2] "If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." Hong Mai Sa v. Doe, 406 F.3d 155, 158 (2d Cir. 2005) (internal quotations and citations omitted).

Plaintiff is cautioned that since his repeated filings relate to similar facts and issues, some of which have already been found to have been frivolous, further filings of any complaint, petition or proceeding based upon the same facts and issues

---

[2] These cases include but are not limited to: Brown v. New York State Unified Court System, No. 06-CV-05134 (§ 1983 conspiracy claim alleging illegality of criminal proceeding and court minutes); Brown v. Cohen et. al., No. 08-CV-0026 (§ 1983 conspiracy claim alleging illegality of criminal proceeding and court minutes); Brown v. Legal Aid Society Of Nassau County, No. 08-CV-00198 (§ 1983 claim alleging illegality of criminal proceeding); Brown, et al v. Dillion, et. al., No. 97-CV-03424 (§ 1983 claim alleging illegality of criminal proceeding); Brown v. O'Shea-Schell, 2006 WL 3179408 (E.D.N.Y., October 31, 2006)(§ 1983 conspiracy claim alleging illegality of criminal proceeding and court minutes); Brown v. Rehnquist, 2002 WL 32394848 (E.D.N.Y., May 01, 2002)(§ 1983 claim alleging illegality of criminal proceeding).

relating to his former criminal proceeding, may result in the issuance of an order prohibiting him from filing any future lawsuits in this Court without first obtaining leave of the Court. Plaintiff is advised that he must annex a copy of this Order to any complaint, petition, or pleading he seeks to file in the United States District Court for the Eastern District of New York henceforth. Plaintiff is further advised that a failure to abide by any of the terms of this Order could result in the imposition of sanctions.

## CONCLUSION

For the reasons set forth above and for the reasons set forth in this Court's June 2008 Order, the Amended Complaint is DISMISSED with prejudice. The Clerk of the Court is directed to send a copy of this order to Plaintiff by regular first class mail and by certified mail, return receipt requested, and is directed to close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert U.S.D.J.

Dated: Central Islip New York
       October  27 , 2008